DANIEL W. MAGUIRE (SBN 120002)
E-mail: dmaguire@bwslaw.com
KEIKO J. KOJIMA (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: (213) 236-0600  Fax: (213) 236-2700

Attorneys for Plaintiff
Sun Life Assurance Company of Canada, U.S.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA, U.S., <br><br> Plaintiff, <br><br> v. <br><br> MARY CATHERINE CHIROLO, an individual; DENISE ELIZABETH McSHANE, an individual; NANCI ANN SEVERIETTI BOYD, an individual; LINDA MARIE SEVERIETTI TORRES, an individual; THEODORE VINCENT SEVERIETTI, an individual; VICTORIA ANNE TAYLOR CHAVEZ, an individual; the ESTATE OF SEAN B. McSHANE; and DOES 1 through 10, <br><br> Defendants. | CASE NO. CV 08 3465 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND INTERPLEADER** |

Plaintiff Sun Life Assurance Company of Canada, U.S. ("Sun Life") alleges as follows:

/ / /

/ / /

## JURISDICTION AND VENUE

1. Sun Life is a corporation organized and existing under the laws of the State of Delaware, and maintains its principal place of business in the Commonwealth of Massachusetts. At all times relevant hereto, Sun Life was authorized to transact and was transacting the business of insurance within the State of California.

2. Defendant Mary Catherine Chirolo ("Chirolo") is an individual, and a citizen and resident of the State of California, who resides within the Northern District of California.

3. Defendant Denise Elizabeth McShane ("Denise McShane") is an individual, and a citizen and resident of the State of Montana.

4. Defendant Nanci Ann Severietti Boyd ("Boyd") is an individual, and a citizen and resident of the State of California.

5. Defendant Linda Marie Severietti ("Linda Severietti") is an individual, and a citizen and resident of the State of California, residing within the Northern District of California.

6. Defendant Theodore Vincent Severietti ("Ted Severietti") is an individual, and a citizen and resident of the State of Arizona.

7. Defendant Victoria Anne Taylor Chavez ("Chavez") is an individual, and a citizen and resident of the State of New Mexico.

///

8. Defendant Estate of Sean B. McShane ("Estate") was established, on information and belief, following the death of Sean B. McShane. Plaintiff is informed and believes that Defendant Chirolo is the Executrix of the Estate.

9. The true names and capacities of Does 1 through 10 are unknown to Sun Life at this time. When the identities of these individuals become known, Sun Life will amend this Complaint to show such names and capacities. Sun Life is informed and believes and based thereon alleges that each of the Doe Defendants claims or may claim an interest in the Annuity Contract proceeds which are the subject of this Complaint.

10. Minimal diversity exists for purposes of the Federal Interpleader Act, 28 U.S.C. § 1335 as Defendants Chirolo and Linda Severietti are citizens and residents of the State of California, Defendant Boyd is a citizen of California, Defendant Denise McShane is a citizen of Montana, Defendant Chavez is a citizen of New Mexico, and Defendant Ted Severietti is a citizen of Arizona.

11. Venue is proper in this District, as Defendants Chirolo and Linda Severietti reside in the Northern District of California. 28 U.S.C. § 1397.

12. More than $500 is in controversy in this case, exclusive of interest and costs. As explained below, the stake of this interpleader is approximately $18,500.00 in Annuity Contract value.

## FACTS RELEVANT TO THE STAKE INTERPLED

13. On or about October 29, 1993, upon completing their application and remitting premium, Sean B. McShane and Helen M. Severietti McShane became

joint owners of Variable Annuity Contract No. 0200419305 (hereinafter the "Annuity Contract") issued by Keyport Life Insurance Company, designating as primary beneficiaries their respective children, Mary C. Chirolo, Denise McShane, Nanci Severietti-Boyd, Linda Severietti-Torres, Theodore Severietti and Victoria Severietti-Taylor (who later became Chavez).

14.  On or about October 20, 1995, Trustees Sean Bernard McShane and Helen M. Severietti McShane, in their respective capacities as Co-Trustees for the Sean B. McShane and Helen M. Severietti-McShane Revocable Living Trust (06/01/93), executed and submitted a completed Transfer of Ownership form directing Keyport to change ownership from themselves personally to the Sean Bernard McShane and Helen M. Severietti-McShane Revocable Living Trust (06/01/93). However, they did not change their beneficiary designations.

15.  On November 1, 2001, Sun Life acquired Keyport and began the process of integrating Keyport's operations with Sun Life's. As a result, the rights and obligations of the Annuity Contract, which is the subject of this interpleader action, vested in Sun Life.

16.  On or about April 1, 2006, Trustees Sean Bernard McShane and Helen M. Severietti-McShane completed and signed a signature guaranteed Transfer of Ownership form indicating that Sean B. McShane should become the Annuity Contract's new owner.

17.  On April 3, 2006, Sun Life advised the Trustees, in writing, that their ownership transfer could not be processed because they had failed to affix their status as Trustees next to their respective signatures.

///

18.   On May 1, 2007, Mary C. Chirolo informed Sun Life that Sean McShane died on April 2, 2007.

19.   On or about November 16, 2007, Denise McShane informed Sun Life that the Trustees of the Sean B. McShane and Helen M. Severietti Trust had divorced.

20.   On January 18, 2008, Sun Life received correspondence from Mary C. Chirolo that included Sean Bernard McShane's Death Certificate, Ms. Chirolo's Letters Testamentary appointing her as Executrix of Mr. McShane's estate, and a copy of a signature guaranteed Transfer of Ownership form executed by Sean B. McShane and Helen M. Severietti on February 16, 2006, by which they mutually directed Sun Life to change the ownership of the Annuity Contract from the Trust to Sean B. McShane.

21.   On January 29, 2008, Sun Life informed Ms. Chirolo, in writing, that the 2006 ownership change had not been processed due to the Trustees' failure to properly execute the form.

22.   On March 11, 2008, Ms. Chirolo contacted Sun Life by telephone, and Sun Life advised her of the documentation needed to establish her status as Executrix and initiate a claim for the Annuity Contract proceeds.

23.   On March 13, 2008, Ms. Chirolo submitted copies of a 2006 Ownership Transfer form, a copy of Letters Testamentary appointing her Executrix for Sean McShane's estate, and copies of correspondence from Mr. McShane's attorney, Eduardo Sandoval, addressed to Helen M. Severietti, informing her that the Sean Bernard McShane and Helen M. Severietti-McShane Revocable Living

1  Trust (06/01/93) had been revoked and that Mr. McShane had revoked his Last Will
2  & Testament (06/09/95), his Durable Power of Attorney for health care (06/09/95)
3  and the Agreement as to Status of Property (06/09/95). Further, Attorney Sandoval
4  advised Ms. Severietti that the Ante-Nuptial Agreement (06/01/93) remained in full
5  force and effect as originally executed on said date. Attached to Attorney
6  Sandoval's letter was a copy of the San Mateo County Superior Court Order Re the
7  Marital Settlement Agreement that included Schedule A assigning the Annuity
8  Contract to Sean B. McShane, Petitioner.

10      24.    On March 20, 2008, in accordance with the Court Order, Sun Life
11  changed the ownership of the Annuity Contract to Sean B. McShane. Beneficiary
12  designations remained unchanged.

14      25.    On May 23, 2008, Sun Life received correspondence from Mary C.
15  Chirolo, Executrix, dated April 28, 2008. Ms. Chirolo indicated that the
16  beneficiaries on the Annuity Contract should be herself (Mary Chirolo) and Denise
17  McShane, thereby eliminating the remaining beneficiaries. In support of this
18  request, Ms. Chirolo cited: (1) the original request form submitted in 2006 by Mr.
19  and Mrs. McShane expressing their mutual consent to Sean McShane's sole
20  ownership of said Contract, (2) the Court's award of the Contract in question to
21  Sean McShane in the 2006 divorce settlement, and (3) his revised Last Will &
22  Testament executed on March 14, 2002.

24      26.    On June 6, 2008, Sun Life wrote to Defendants Chirolo, Denise
25  McShane, Chavez, Boyd, Linda Severietti-Torres and Ted Severietti, advising them
26  of the above-referenced chronology of events. That letter further advised said
27  Defendants that Sun Life was thereby aware of conflicting claims, and was unable
28  to determine the rightful beneficiaries of the Annuity Contract.

27. In the letter of June 6, 2008, Sun Life stated that it was a mere stakeholder, disinterested as to the ultimate disposition of the proceeds, and invited said Defendants to come to an agreement concerning the distribution of the proceeds of the Contract. Sun Life further requested that within 30 days (by July 7, 2008), said Defendants forward a stipulation indicating the agreement of all parties as to how the benefit should be disbursed.

28. In the June 6, 2008 letter, Sun Life further advised said Defendants that in order for an out-of-court agreement to be acceptable to Sun Life, it was required that all parties execute and deliver releases to Sun Life discharging it from any liability under the Annuity Contract regarding the payment of any benefits due under its terms and conditions.

29. Finally, said Defendants were advised that if the above-referenced documentation regarding a unanimous decision as to the payment of the proceeds was not received, Sun Life would institute this interpleader action.

30. On June 10 and June 11, 2008, Sun Life received calls from Defendants Boyd, Chavez, Denise McShane, Chirolo, Linda Severietti-Torres and Ted Severietti, with various inquiries.

31. Sun Life responded to the above-referenced inquiries with a letter of June 13, 2008. In that letter, Sun Life again advised that competing claims to the Annuity Contract proceeds existed, that Sun Life was still unable to determine the rightful beneficiaries, that Sun Life remained a disinterested stakeholder, and that if the documentation indicating a unanimous decision as to whom the proceeds shall be paid was not received by the Defendants on or before July 7, 2008, this interpleader action would be initiated.

32. As of the date this Complaint is prepared, Sun Life has not received any documentation from Defendants suggesting that all parties have reached a unanimous decision as to whom the proceeds of the subject Annuity Contract shall be paid.

## FIRST CAUSE OF ACTION
### (For Interpleader)

33. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in Paragraphs 1 through 31 above, as though fully set forth herein.

34. Sun Life has received adverse and conflicting claims to the Annuity Contract benefits from Defendants Chirolo and Denise McShane on the one hand, and Defendants Chavez, Boyd, Linda Severietti-Torres and Ted Severietti on the other. As a result of these conflicting claims to the Annuity Contract proceeds, Sun Life is unable to discharge its liability under the Annuity Contract without potentially exposing itself to multiple liability or litigation or both.

35. Sun Life claims no beneficial interest in the Annuity Contract proceeds. It is a mere stakeholder of these proceeds.

36. Sun Life should not be compelled to become involved in the actual or potential disputes and contentions of Defendants with respect to the Annuity Contract proceeds, and Defendants should be ordered to litigate and otherwise settle among themselves without further involving Sun Life.

/ / /

/ / /

37. Sun Life has and will incur attorneys' fees and costs in bringing this interpleader action to resolve the dispute among the conflicting claimants as set forth above.

## SECOND CAUSE OF ACTION

**(For Declaratory Judgment )**

38. Plaintiff refers to and incorporates herein by this reference each and every allegation set forth in paragraphs 1 through 36 above, as though fully set forth herein.

39. By reason of the facts pled herein, an actual dispute exists between the named Defendants in this action. Sun Life cannot determine which Defendant or Defendants is/are entitled to the proceeds, nor can it pay the proceeds without exposing itself to potential multiple liability or litigation or both.

40. Sun Life is unable to deposit the proceeds of the Annuity into the Registry of the Court because the Annuity Contract is a variable product, and the value of the Annuity Contract therefore fluctuates from day to day. Therefore, Sun Life requests that the Court, after providing reasonable advance notice, order the liquidation of the Annuity Contract on a date certain. Sun Life could then deposit the proceeds forthwith, and obtain dismissal from this action.

41. Sun Life begs leave to obtain the order of liquidation by separate application.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiff Sun Life Assurance Company of Canada, U.S., prays judgment as follows:

1. That Defendants be restrained from instituting any action against Sun Life for the recovery of the benefits of the Annuity Contract, or any part thereof;

2. That Defendants be required to interplead and settle among themselves their respective rights to the Annuity Contract benefits, and that Sun Life be discharged from all liability to Defendants under the Annuity Contract or otherwise;

3. That the Court declare the rights and liabilities of the parties in this action;

4. That the Court issue its order requiring Sun Life, upon reasonable advance notice, to liquidate the Annuity Contract on a date certain, and to deposit the proceeds into the Registry of the Court in an interest-bearing account, there to remain until the claims of the adverse claimants (Defendants) are resolved.

5. That the Court award Sun Life its actual costs and reasonable attorneys' fees incurred in connection with this interpleader action, with such sums to be paid out of the amount deposited by Sun Life with this Court; and

///
///
///

6.     For such other and further relief as the Court deems proper.

DATED: July 17, 2008

BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE
KEIKO J. KOJIMA


By: _____
DANIEL W. MAGUIRE
Attorneys for Plaintiff
Sun Life Assurance Company of Canada, U.S.