IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SUN LIFE ASSURANCE COMPANY OF
CANADA, U.S.,

    Plaintiff,

  v.

MARY CATHERINE CHIROLO, an individual;
DENISE ELIZABETH McSHANE, an
individual; NANCI ANN SEVERIETTI BOYD,
and individual; LINDA MARIE SEVERIETTI
TORRES, an individual; THEODORE
VINCENT SEVERIETTI, an individual;
VICTORIA ANNE TAYLOR CHAVEZ, an
individual; the ESTATE OF SEAN B.
McSHANE; and DOES 1 through 10,

    Defendants.
                               /

No. C 08-03465 WHA

**ORDER GRANTING
PLAINTIFF'S MOTION
FOR ATTORNEY'S
FEES AND COSTS**

**INTRODUCTION**

In this interpleader action arising out of conflicting claims to the proceeds of an annuity contract, plaintiff Sun Life Assurance Company of Canada, U.S. moves for an award of attorney's fees and costs, for liquidation of the annuity contract, that defendants be restrained from instituting any action against Sun Life for recovery of the benefits of the annuity contract, and for dismissal of the action. This order sets forth findings of facts and law supporting an order granting plaintiff's motions in part and denying plaintiff's motions in part.

**STATEMENT**

Sean B. McShane and Helen M. Severietti McShane became joint owners of Variable Annuity Contract No. 0200419305 issued by Keyport Life Insurance Company, which was acquired by Sun Life, designating as primary beneficiaries their respective children, Mary C. Chirolo, Denise McShane, Nanci Severietti-Boyd, Linda Severietti-Torres, Theodore Severietti and Victoria Severietti-Taylor (who later became Chavez) (Compl. ¶ 13). Sean B. McShane and Helen M. Severietti McShane, as co-trustees for the Sean B. McShane and Helen M. Severietti-McShane Revocable Living Trust, executed and submitted a completed transfer of ownership form directing Keyport to change ownership of the annuity from themselves personally to the trust. Sean B. McShane and Helen M. Severietti McShane, however, did not change the beneficiary designations for the annuity (Compl. ¶ 14).

After Sean B. McShane and Helen M. Severietti divorced, they attempted to change the ownership of the annuity from the trust to Sean B. McShane personally as part of their marital settlement agreement (Compl. ¶ 16). Sun Life, however, advised the trustees in writing that their transfer of ownership form could not be processed because they had failed to affix their status as trustees next to their respective signatures (Compl. ¶ 17). Subsequently, Sean B. McShane passed away before he and Helen Severietti could change the ownership status of the annuity (Compl. ¶ 18).

After Sean B. McShane's death, Mary C. Chirolo submitted to Sun Life a copy of letters testamentary appointing her executrix for Sean B. McShane's estate and a copy of a court order assigning the annuity contract to Sean B. McShane (Compl. ¶ 23). In accordance with the court order, Sun Life changed the ownership of the annuity contract to Sean B. McShane. The beneficiary designations, however, remained unchanged (Compl. ¶ 24).

Subsequently, Sun Life received correspondence from Mary C. Chirolo indicating that the beneficiaries on the annuity contract should be herself and Denise McShane, thereby eliminating the remaining beneficiaries. In support of this request, Mary C. Chirolo cited the original request form submitted by Sean B. McShane and Helen M. Severietti-McShane expressing their mutual consent to Sean B. McShane's sole ownership of the annuity contract,

2

the court's award of the annuity contract to Sean B. McShane in the marital settlement agreement, and Sean B. McShane's revised will executed on March 14, 2002 (Compl. ¶ 25).

As a result of Mary C. Chirolo's request, Sun Life wrote to defendants, the beneficiaries under the annuity contract, advising them of the above-referenced chronology of events. Sun Life advised defendants that because of conflicting claims, Sun Life was unable to determine the rightful beneficiaries of the annuity contract. Sun Life requested that defendants come to an agreement concerning the distribution of the annuity contract within thirty days (by July 7, 2008), forward a stipulation to Sun Life indicating the agreement of all parties as to how the benefits should be disbursed, and execute and deliver releases to Sun Life discharging it from any liability under the annuity contract regarding the payment of any benefits due under its terms and conditions. Sun Life stated that if a unanimous decision as to the payment of the proceeds was not received, Sun Life would institute this interpleader action (Compl. ¶ 26).

Upon receiving Sun Life's letter, defendants telephoned Sun Life making various inquiries. Sun Life responded to the inquiries by letter, again advising defendants that competing claims to the annuity contract existed and that Sun Life was unable to determine the rightful beneficiaries. Sun Life explained that Sean B. McShane and Helen M. Severietti McShane did not submit any beneficiary-change instructions when they changed the annuity contract's joint ownership from themselves to their trust. Subsequently, no beneficiary-change instructions were submitted when due to their divorce they attempted to change their annuity contract's ownership again from the trust to Sean B. McShane as sole owner. In the absence of any beneficiary-change instructions, the originally designated beneficiaries, all six children, remained listed on the annuity contract as being equally entitled to such death benefit disbursement. The fact that Sun Life ultimately changed the annuity contract's ownership because of the marital settlement award to Sean B. McShane did not effect the beneficiary designations. Sun Life, therefore, reiterated in the letter dated June 13, 2008, that if documentation indicating a unanimous decision as to whom the proceeds shall be paid was not received on or before July 7, 2008, this interpleader action would be initiated (Compl. ¶ 31).

3

1    On June 23, 2008, Mary C. Chirolo, as administrator of the Estate of Sean B. McShane,
2 notified Sun Life that she would file an action in the probate court to determine the rightful
3 beneficiaries under the annuity contract and requested that Sun Life not file an interpleader
4 action for an additional thirty days (Def.'s Obj. to Mtn. ¶ 2).  Because Sun Life did not receive
5 any documentation from defendants suggesting that all the beneficiaries reached a unanimous
6 decision as to whom the proceeds of the annuity contract should be paid by July 7, 2008, Sun
7 Life was unable to distribute the proceeds without potentially exposing itself to multiple
8 liability or litigation or both.  Accordingly, on July 18, 2008, Sun Life filed the complaint in
9 this interpleader action (Compl. ¶ 32).

10   After the complaint was filed, defendants Vicki Chavez, Nanci Boyd, Linda Torres and
11 Theodore Severietti informed Sun Life that they wished to renounce their claim to the benefits
12 and proceeds under the annuity contract and stipulated for their dismissals (Kojima Decl. ¶ 9).
13 Sun Life then contacted Mary Chirolo to discuss Sun Life's claim for attorney's fees.  At that
14 time, the fees and costs exceeded $6,700 but Sun Life was willing to extend a 20% discount so
15 that further fees would not be accrued for the case management conference and a motion for
16 attorney's fees.  Unfortunately, Mary Chirolo and Denise McShane offered Sun Life only
17 $2,000 for attorney's fees and costs.  Because Sun Life felt that they had received an
18 unreasonable offer for attorney's fees and costs in handling this matter, Sun Life filed a motion
19 for attorney's fees and costs, specifically detailing the work that they performed, rates at which
20 they billed, the dates on which the work was performed, and listing the attorney who performed
21 the work (Pl.'s Notice of Mtn. at 8).

**ANALYSIS**

23   The issues are:  (1) whether this Court has proper subject-matter jurisdiction over this
24 matter and (2) whether this Court should grant plaintiff Sun Life's (i) motion to liquidate the
25 annuity contract, (ii) motion for attorney's fees and costs, (iii) motion that defendants be
26 restrained from instituting any action against Sun Life for recovery of the benefits of the
27 annuity contract, and (iv) motion to dismiss.

4

### 1.    THIS COURT HAS JURISDICTION UNDER 28 U.S.C. 1335.

The district court shall have original jurisdiction of any civil action of interpleader under 28 U.S.C. 1335 where: (i) the stakeholder has in its possession money or property of the value of $500 or more; (ii) two or more adverse claimants of diverse citizenship as defined in subsection (a) or (d) of Section 1332 are claiming or may claim to be entitled to such money or property; and (iii) the plaintiff has deposited such money or property into the registry of the court. 28 U.S.C. 1335.

#### A.    The Amount in Controversy.

This requirement is easily satisfied.

#### B.    Diversity.

In order for an interpleader action to be maintained under 28 U.S.C. 1335, at least two of the adverse claimants must be citizens of different states without regard to the citizenship of other claimants or the stakeholder. The complaint alleges that minimal diversity exists for the purposes of 28 U.S.C. 1335, as defendants Mary C. Chirolo and Linda Marie Severietti Torres are citizens and residents of California, defendant Nanci Ann Severietti Boyd is a citizen of California, defendant Denise Elizabeth McShane is a citizen of Montana, defendant Victoria Ann Taylor Chavez is a citizen of New Mexico, and defendant Theodore Vincent Severietti is a citizen of Arizona (Compl. ¶ 10).

#### C.    Deposit Annuity Contract With the Registry of the Court.

The only issue remaining with regard to whether this Court has jurisdiction over this interpleader action under 28 U.S.C. 1335 is whether the failure to deposit with the registry of this Court the money or property at stake, or a bond in lieu of such deposit, strips this Court of jurisdiction. Under 28 U.S.C. 1335(a)(2), a stakeholder is supposed to, as a condition precedent to jurisdiction, deposit the disputed money or property into the registry of the court or give a bond in lieu of such deposit. 28 U.S.C. 1335 (a)(2).

Prior to filing of this action, the annuity contract was not liquidated due to the competing claims by the six beneficiaries. The annuity contract provided that the "Beneficiary is the person who controls the Certificate if any Certificate Owner dies prior to the Income

1  Date"[*] (Pl's Rep. at 7).  Since all of the beneficiaries had competing claims as to the disposition
2  of the proceeds under the annuity contract, Sun Life could not liquidate the annuity contract
3  under its terms.  Because four of the beneficiaries under the annuity contract since the filing
4  of the complaint in this interpleader action have stipulated for their dismissal and only two
5  non-adverse claimants remain, the unanimous agreement among the remaining claimants to
6  liquidate the annuity contract allows Sun Life to liquidate the annuity contract.  This Court,
7  therefore, will exercise subject-matter jurisdiction over this interpleader action.

**2.   ORDER TO LIQUIDATE.**

Plaintiff Sun Life moved to liquidate the annuity contract and defendants support their motion.  No adverse claimants now exist as to the proceeds under the annuity contract. Because this Court has jurisdiction over this matter, it hereby orders Sun Life to liquidate Variable Annuity Contract No. 0200419305 within thirty days of the entry of this order, distribute the proceeds in accordance with this order, and file a declaration and accounting of its claim with this Court.

**3.   ORDER GRANTING ATTORNEY'S FEES AND COSTS.**

**(A)   Sun Life is Entitled to Attorney's Fees and Costs.**

Plaintiff contends that it is entitled to attorney's fees and costs for instituting this interpleader action.  Generally, courts have discretion to award attorney's fees and costs payable out of the funds deposited with the registry of a court to a disinterested stakeholder in an interpleader action.  *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (1984). A stakeholder who initiates an interpleader action under 28 U.S.C. 1335 may be entitled to attorney's fees and costs if:  (i) the stakeholder is presented with two or more adverse claims; (ii) the stakeholder potentially is exposed to multiple lawsuits by one or more of the claimants as a result of the adverse claims and cannot determine which party is entitled to the property or

---

[*] The income date for the annuity contract is May 1, 2028.  Since Sean B. McShane, the annuity contract's owner died prior to the income date, the beneficiaries listed under the annuity contract obtained the right to control the disposition of the proceeds under the annuity contract.  The six beneficiaries, defendants in this action, however, disagreed as to who was entitled to the proceeds.  Because defendants disagreed as to who was entitled to the proceeds under the annuity contract, Sun Life was unable to liquidate the annuity contract and deposit the funds with the registry of the Court.

6

funds; (iii) the stakeholder does not claim an interest in the property or fund; and (iv) the stakeholder cannot convince the adverse parties to settle. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 532 (1967).

Plaintiff Sun Life, the stakeholder in this interpleader action, was presented with adverse claims to the proceeds of the annuity contract. The six defendants who were listed as beneficiaries under the annuity contract each initially claimed a stake to the proceeds. It was not until Sun Life filed the complaint in this matter that four of the adverse claimants stipulated to a dismissal, leaving two remaining non-adverse claimants. Because Sun Life was presented with adverse claims to the proceeds of the benefits under the annuity contract, Sun Life could not liquidate and distribute the proceeds without exposing itself to multiple lawsuits.

In the Court's judgment, however, Sun Life rushed into this lawsuit and could have tried harder to bring the parties together.

### (B) Amount of Attorney's Fees and Costs.

Plaintiff contends it should be awarded $11,776.02 for attorney's fees and costs. Where a plaintiff interpleader is entitled to attorney's fees and costs, the court considers a number of factors in determining a fair award of attorneys' fees and costs. Under all circumstances, however, the amount of attorney's fees and costs that may be awarded to a plaintiff interpleader is discretionary. A court may base its award on a number of factors laid out in *Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415 (9th Cir. 2000) and *Schirmer Stevedoring Co. Ltd. V. Seaboard Stevedoring Corp.*, 306 F.2d 188 (9th Cir. 1962).

#### (1) *Difficulty of Case.*

Bringing the interpleader action was fairly straightforward. Plaintiff Sun Life recognized that there was a dispute as to the proceeds under an annuity contract of which it was in control. Plaintiff Sun Life did not have to do any extraordinary legal work in filing this action.

7

*(2)   Unique Services.*

Sun Life arguably performed a unique service for the claimants by helping the adverse claimants come to a resolution, although perhaps this would have occurred anyway. Four of the claimants to the benefits under the annuity contract stipulated to a dismissal of their claim to the proceeds after Sun Life filed its complaint in this interpleader action.

*(3)   Good Faith.*

Sun Life acted in good faith and with diligence. Sun Life immediately notified defendants upon discovering that there were adverse claims to the benefits of the annuity contract that if the dispute was not resolved, it would have to file an interpleader action.

*(4)   Benefit to Stakeholder.*

Except for using the dispute as an occasion to generate fees, the services rendered arguably did not benefit plaintiff Sun Life, the stakeholder, because it had to file the interpleader action and expend time and money to bring the dispute that was the basis for this action to the Court's attention.

*(5)   Protraction of the Proceedings.*

The claimants did not protract the proceedings.

*(6)   Depletion of the Fund.*

At the time the complaint was filed, the value of the annuity contract was $18,500. As of December 15, 2008, according to defendants' Objection to Motion for Attorney's Fees and Costs, the "annuity has lost approximately $7,000" (Def.'s Obj. to Mtn. at 3). If defendants' statement as to the approximate value of the annuity is correct, and plaintiff seeks $11,776.02 in attorney's fees and costs, then the allowance of attorney's fees and costs will substantially deplete the fund.

*(7)   Amount.*

The fee requested is not substantial in light of the work that the plaintiff has done. Plaintiff billed most of its hours at the rate of $190 per hour and detailed how each hour was spent (Kojima Exh. A). The fee, however, is too much in light of the value of the potential value of the annuity contract.

8

### *(8)   Whether the Stakeholder Assisted In Preserving the Fund.*

Plaintiff Sun Life assisted in preserving the fund by initially urging defendants to resolve the dispute unanimously. When defendants refused to do so, plaintiff Sun Life, the stakeholder, filed this interpleader action. This ultimately led to the dispute as to the proceeds under the annuity contract being resolved. While the dispute was being resolved, the value of the annuity substantially decreased from the time the complaint was filed. Defendants allege that the decrease in value resulted from Sun Life's carelessness in administering and taking care of the annuity. This Court finds nothing in the documents defendants submitted to this Court to support that contention. This Court, instead, finds that defendants acknowledged the value of the annuity decreasing from "the collapsing market" (Kojima Exh. F). The cause of this decrease, therefore, was not the fault of plaintiff Sun Life but, rather, the fault of defendants for not coming to an agreement as to how to distribute the proceeds under the annuity contract in a timely fashion and attempting to adjudicate the matter in probate court.

Because plaintiff Sun Life expended significant time and money in bringing this interpleader action to the Court's attention, Sun Life is entitled to attorney's fees and costs. It would be, however, inequitable to award attorney's fees and costs that would substantially deplete the entire corpus of the annuity contract. This Court, therefore, grants Sun Life's motion for attorney's fees and costs in the amount of $11,776.02 unless such amount is greater than one half of the value of the corpus of the annuity contract when it is liquidated thirty days from the entry of this order. If $11,776.02 is greater than one-half of the value of the corpus of the annuity contract when it is liquidated thirty days from the entry of this order, then Sun Life only shall be entitled to one-half of the value of the corpus at the time of its liquidation. The value of the other half of the corpus of the annuity contract shall be distributed equally to Mary C. Chirolo and Denise McShane, the remaining two defendants in this action.

**4.   PLAINTIFF'S MOTION THAT DEFENDANTS BE RESTRAINED FROM INSTITUTING ANY ACTION AGAINST SUN LIFE FOR RECOVERY OF THE BENEFITS OF THE ANNUITY CONTRACT IS DENIED.**

Plaintiff's request for such relief is denied. The interpleader has the effect of judgment and the matter will be res judicata.

9

### 5. DISMISSAL OF THE INTERPLEADER ACTION.

Rule 41(a)(2) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action "by court order, on terms that the court considers to be proper." FRCP 41(a)(2). Here, there is good cause for the dismissal with prejudice against plaintiff Sun Life because the claimants to the benefits and proceeds under the annuity contract, which is the subject of this interpleader action, unanimously have agreed upon who will receive the benefits and proceeds of the annuity contract. Furthermore, defendants are in agreement with plaintiff on the motion to dismiss.

This Court hereby orders that this cause of action be dismissed with prejudice.

## CONCLUSION

Plaintiff's motion to liquidate the annuity contract, for attorney's fees, and for dismissal are **GRANTED**. Plaintiff's motion that defendants be restrained from instituting any action against plaintiff for recovery of the benefits under the annuity contract is **DENIED**.

**IT IS HEREBY ORDERED** that this claim be **DISMISSED WITH PREJUDICE** and that the annuity contract be liquidated thirty days from the entry of the order and distributed to Mary C. Chirolo and Denise E. McShane after Sun Life deducts the award of attorney's fees and costs. Sun Life must file a declaration and accounting promptly upon completion of the above.

**IT IS SO ORDERED.**

Dated: January 16, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE